124-2135 Salano v. City of Chicago My name is Daniel Edelman and I represent Mr. Salano. Mr. Salano was issued a citation for violation of section 9-72-080 of the Municipal Code of Chicago, permitting an overweight vehicle to remain on a city street. The citation asks for a fine in excess of $2,600, which is the amount that shall be imposed upon a finding of viability. It was returnable before the City Department of Administrative Hearings, and the citation expressly stated that it contemplated the issuance of a binding order. It said that failure to appear may result in the imposition of a fine not to exceed the maximum penalties for each violation. Let me ask you this question. This is a threshold on this issue of rightness. Now, Mr. Salano has the good fortune of having an outstanding lawyer in you. Isn't it possible that you go to the Administrative Hearing and you win it and the case is over? I have two responses to that. First, the citation is by ordinance, section 2-14-076 of the Code, prima facie evidence of the correctness of the facts specified therein, and the penalty shall be imposed. In addition, where, as here, the entire proceeding, the right of the city to proceed as well is challenged, I believe that the matter is ripe under the Bowles Trucking Decision, which is very similar. The challenge there was to the right of the Commerce Commission to proceed administratively to impose civil penalties. Well, my question then is perhaps your argument was correct on your initial lawsuit because you were making one challenge, but after the Supreme Court ruled and you had to amend your complaint, now you're just really talking about the fine. And that should probably wait. I disagree. The Camacho decision required a decision in our favor. The decision specifically addressed two sections. Before it was section 1-2.1-2 of the Municipal Code, which does not directly apply here, but it also commented as being very similar in its operation, section 11-208.3 of the Vehicle Code. The Vehicle Code authorizes expedited administrative proceedings that result in a binding judgment, which is what the citation says will happen here. But isn't the city saying, well, we don't know if we're going to use 208.3, and you should wait until you get a judgment and see exactly what we do? Well, the citation on its face says that it contemplates the issuance of a binding order and that failure to comply with the administrative law judge's order may result in the issuance of additional sanctions. And so you interpret that to mean they are telling us 11-208.3? Well, they're telling us that they intend to obtain a binding order. Now, 11-208.3 doesn't authorize them to do so in this case. But the citation says that, and the Municipal Code, section 2-14-103 expressly contemplates the issuance of an order which, upon being recorded, creates a lien and may be enforced in the same manner as a judgment lien pursuant to a judgment of a court of competent jurisdiction. One of the things that you say about rightness is it is right because in a regular old ticket citation, you send it to the administrative hearings. You might just decide, oh, I'll pay it. I don't have time to go down there. But now they're actually forcing you to litigate because they're using an improper fee schedule. Well, section 11-208.3 does not authorize fines in excess of $250 for most violations, $500 for others. It does not authorize a fine in excess of $2,600. Now, Camacho expressly addresses the effect of section 11-208.3 in paragraph 38, footnote 8, and it says, We find that a home rule municipality's conformity with section 1-2.1-2 of the Municipal Code when administratively adjudicating an ordinance violation determines whether the enforcement mechanisms set forth in section 1-2.1-8 are available to it without the need to proceed with the additional step of proving the violation in the circuit court in order to obtain a court judgment. So do we need to determine whether or not it's a reportable offense? Well, and do we know is this a reportable offense? Do you know? Yes. What authority do you have that this is a reportable offense? Well, section 11-208.3 refers to – I'm sorry, that – because one of the things that the Supreme Court said was, hey, if it's a reportable offense, it needs to go to court. This is a reportable offense. Section – let me get to the correct sections. Section 65 ILCS 5 forward slash 1-2.1-2 – I'm sorry – 1-2.1-2 excludes from its scope any offense under the Illinois Vehicle Code or similar offense that is a traffic regulation governing the movement of vehicles and except for any reportable offense under section 6-204 of the Illinois Vehicle Code. So then if you go to section 6-204, it says that any offense committed with a commercial motor vehicle is – isn't covered. And if you look at the second page of the citation in this matter, appendix page 4, the vehicle was a Peterbilt five-axle tractor truck with trailer chassis, which is a commercial motor vehicle. So if it's a commercial vehicle, period, it's reportable, period. And if it's reportable, it has to go to court. Well, under – okay. Under the analogy of section 1-2.1-2 of the municipal code, yes. So the city cannot use the expedited procedure authorized by section 1-2.1-2 of the municipal code to adjudicate this matter administratively. It is – I'm sorry, is that part of this case still in the counsel of this case? We have deleted it because it's not applicable for the reasons your honor just recognized. It's a reportable offense. Proceedings cannot be held pursuant to section 1-2.1-2 of the municipal code. Oh, I'm sorry. Let me just make sure we're unclear. When you amended the complaint, did you take out the argument that it can't be handled through administrative hearing and that you only are proceeding on the amount, or are you still arguing that it can't be handled in an administrative proceeding? We are still arguing that a citation that seeks $2,600 cannot be handled through an administrative proceeding. All right. Now, for the reasons you just indicated, your honor, the municipal code provision doesn't apply. But the court in Camacho said that that proceeding is not the only statutory provision providing benefits to homeroom municipalities that administratively adjudicate ordinance violations in accordance with its provision. Can you pull the mic down just a little bit just to make sure? I'm sorry. Our mic does not amplify. So if you could just keep your voice on. Yes, your honor. Section 11-208.3 of the vehicle code allows for administrative adjudication by municipalities of traffic regulations concerning the standing, parking, or condition of vehicles, and then some others, resulting in the ability of the municipality to obtain a judgment in the circuit court in a shortened proceeding by simply recording the administrative order. The problem now, and there's some discussion in the briefs as to whether this is a standing or parking violation, but the city's problem is that under Camacho, unless one of these expedited administrative provisions that can result in an enforceable judgment applies, the city must approve the violation in the circuit court in order to obtain a court judgment. The city in this case did not contemplate proceeding in the circuit court to obtain a court judgment. It contemplated an administrative order that, if not complied with, results in the issuance of additional sanctions. If a court made that statement, comply or you will be sanctioned, it would be considered a contempt citation. The order resulting in such sanctions is an enforceable order, and that is precisely what the city cannot obtain if it is asking for a fine in excess of $250 or $500. And therefore, the proceeding is simply not permitted. Well, when we have employment cases with the attorney general's office, they make a finding administratively against the employer, and then they have to then file an action in chance to actually get an enforceable judgment. Can't the city utilize that process? Certainly. In fact, we think that they have to go to court. Well, go to court to get an enforceable judgment, not necessarily go to court to litigate the dispute. Under Camacho, what the paragraph 28, what is required in this context is prove the violation in the circuit court to obtain a court judgment. When we started these administrative hearings in the cities, I thought the general rule was, we'll let it handle, there's going to be a faster process, there's not many due process concerns because we're not really talking about a lot of money, and so we'll let these go through administrative hearings, and that's why the amount is capped. Is that your understanding? That is my understanding, and it makes sense. If the amount involved is not great, then an administrative judge can issue a final order. For a $2,600 claim, they have to go to court. Under the other provision of the municipal code, if it is a violation committed, a reportable violation when committed with a commercial vehicle, they also have to go to court. And so I didn't learn until I was a judge, a new judge, that this overweight business was really big business, big money. And I also didn't know, though, that if it's handled in the circuit court, the money has to be divided any 10 million ways. So it seems the city wants to have the whole pot. You're correct, Your Honor. And that, I suspect, is one of the, I mean, it's a, we don't, this was decided in the pleadings, and we don't have discovery, but it is our understanding that the city, if somebody pays in response to the citation, gets everything, and it is not divided among the court system, the sheriff, and various other governmental agencies. And this explains what we have here and why it is taking place and also our account for unjust enrichment. But the bottom line here is that under Camacho, the city must prove the violation in the circuit court unless it can take advantage of one of the expedited administrative proceeding sections that authorizes a, a, the expedited administrative section. equivalent of a court judgment. And because of the amount sought, it cannot do so in this case. So let's say they've got carte blanche because of home rule. Is that what they're saying? It cannot possibly be correct. Camacho involved a home rule municipality, the city of Joliet, and it expressly says that a home rule municipality must proceed with the additional step of proving violation in the circuit court unless it comes within section, in that case, section 1-2.1-2, and it also commented section 11-208.3 is very similar. In this case, the city does not attempt to do that, and therefore the entire mode of proceeding is improper and subject to being declared invalid. So do we need to determine whether or not this is a moving violation or a parking standing violation? Do we even need to determine that? Or something else? Not really, because the way I read Camacho, the city has to either show that its action comes within one of the expedited proceeding sections or proceed in court. There is a debate in the briefs as to whether this is a standing or parking violation or something else. It started out as a moving violation, but it was amended in 2011 to remove any need for the vehicle, to eliminate the reference to operating the vehicle. So it's now just being on a city street, and it also imposed liability on the owner, who in many cases is not going to be doing anything with respect to the vehicle. So the question is then, the vehicle code contemplates moving violations, standing violations, and parking violations. Can the city devise something that is neither fish nor fowl and somehow escape scrutiny? The problem, though, is that under Camacho, they have to go to court or they have to show that they're within one of these expedited administrative sections, and they're not. So what if they say the fine is capped at $250, then it would be fine to be handled administratively? That is correct, except that they... Or $500, depending... I'm sorry? $250 or $500. Depending on what it is. But that isn't what they're doing. It says that this is an enforceable order, and Mr. Solano was required to post a bond in the full amount sought, $2655. So we have parking, standing, moving, but one of the other aspects in the statute is compliance violations enacted by ordinance. Is this a compliance violation enacted by ordinance? I would agree with the city that it is not. Some arguments can be made, but we have not pursued that. Regardless, the amount limitations still apply. So again, the precise categorization of parking, standing, compliance doesn't matter. Well, you have to comply with a certain weight on the road, and it's not about... So I guess it's kind of about the condition of the vehicle and whether or not they're in compliance with the law with respect to vehicle weight. The city pointed out that it was equipment on the vehicle as opposed to the weight of the vehicle or... But that's compliance, though. Regardless... Equipment violation is a compliance violation. One could... Yes. But regardless... So if it's a standing parking or compliance, it's capped at $250. That is correct. And if the city cannot show that Section 11-28.3 applies, because the city argues that this is not a standing parking or compliance violation, then they have to prove the violation in the circuit court. What does permit to remain mean? I think it means standing or parking. The vehicle is on a city street. If the ordinance was amended to make it not a moving violation, I think the only other possible categories would be standing or parking. Or compliance. Regardless, the amount limitation is not complied with. Well, if it's a compliance violation, again, it fits under the $250. Does permit to remain have an element of intent? Because to remain, you've got to say, I'm not going to do anything about changing the status of the object. And so, you know... Generally, most of these ordinances would not have... Correct, but they made this one permit to remain, which appears to have an intent element. And if a vehicle is, if there's a stretch of road where, let's say, a tenth of the road goes through from one municipality through the city to another municipality, and they're on it, and they're driving across, do they intend to remain in the city as they drive across? What about if they're driving, they see the sign, and they realize it's the city of Chicago, but now they're about ten feet past the city line, and they back up the vehicle back off. Do they intend to remain? Possibly not, but that's not an argument we raised. Well, in the city, do you know of any other place where the city used the term permit to remain? I do not. If you look at Chapter 8.08, Nuisance, in the city ordinances 8.08.08.020, Nuisance defined, and they say that the following acts, in addition to any other violations, shall constitute a nuisance. And they say erecting, maintaining, using, placing, depositing, allowing, leaving, causing, or permitting to remain in or upon any property within the city and accumulation of items. And then they say in Section 5 to leave or permit to remain outside any structure, any inoperable vehicle or watercraft. So we do have some reference as how they utilize permit to remain in ordinances. Regardless of whether there is an intent element, they still have to show that their actions come within 11-208.3, and the amount requirement, which does not involve any room for discussion, does not allow them to obtain an enforceable order, enforceable in the same manner as a court order, through the expedited administrative proceeding. You either get a hearing on the existence of a violation in the circuit court, or they are limited to a modest fine of $250 to $500. I'm sorry. So are you saying we don't really even have to determine whether or not permit to remain is? It's not essential. Under Camacho, the city must show the applicability of one of the two provisions, authorizing an expedited administrative proceeding that results in a judgment, or they have to prove the violation in court. And neither applies here. Unless there are some other questions. Well, I'm just going to ask. No, go ahead. How did the trial judge get it so wrong? I'm sorry? How did the trial judge get it so wrong? If this $250 cap is just black letter law, it's clear as day, you're above $250, you have to go to court. I can't really explain that. But our contention is that you're entitled to a court hearing on whether there's a violation, if more than that is sought. The ordinance and the statutes are somewhat lengthy and convoluted. So the city is testing its limits? Yes. To take the whole pie, they're going to test the limits? Correct, Your Honor. Unless there are other questions, that concludes my argument. I'm going to move the bill. Counsel, whenever you're ready. Thank you, Your Honor. May it please the Court. There are two independent reasons to affirm the dismissal of Plinkett's claims. First, the claims are not ripe because liability has not yet been established at the Department of Administrative Hearings, or DOA. And second, Section 208.3 of the Vehicle Code does not preempt the city's home rule authority to impose fines over $250 for vehicle weight offenses. But before I begin, I'd like to answer Justice Wilson's question first. Plintiff is not challenging jurisdiction under Division 2.1 of the Illinois Municipal Code in this case. And, indeed, Camacho has squarely foreclosed those claims. Division 2.1 is the only context in which reportability would have mattered, so that does not matter anymore given that he has now amended his complaint to only raise claims under Section 208.3 of the Vehicle Code. Now, Plintiff is only challenging, only alleging that the city exceeded the statutory fine cap in Section 208.3. So I would like to begin with ripeness. Under the Morphits Test, a claim is not ripe if there are underlying factual questions, and Plintiff would not suffer concrete harm from this Court withholding its consideration. Here, there are underlying factual questions which make this case unfit for judicial decision. Namely, the city still has to determine whether Plintiff is even liable for this offense. And secondly, Plintiff won't suffer any hardship if the Court withholds consideration at this point. If he is fined, he can always challenge that fine through the administrative review process. But you say you're going to make him go through the hearing, and typically if it's a small fine, people have got busy lives, I'm not going to contest it. I don't believe I'm wrong, but I'm just going to pay it because it's a small trifle amount. But now, from 250 and you say you want 2,000, well, now you're forcing me into court. And I don't know if that's what was contemplated by the legislature when they allowed these administrative proceedings. Well, Your Honor, first of all, this case has nothing to do with whether DOA can properly have, hear this case. So the idea that we are forcing him into court has nothing to do with this case anymore. But you're forcing him to litigate where he could just say, I'm going to just pay it and move on with my life. It's entirely Plintiff's decision whether he'd like to go to DOA to challenge this. The claim is not right simply because he's choosing to use that option. Well, he's saying it's right because you're choosing me to have to go to court because you're exceeding your authority. Your Honor, I... You're going to issue the fine amount, you're exceeding your authority with respect to the fine amount. Again, it's entirely Plintiff's choice if he would like to go to court to challenge this. And if he does challenge this, and if we do impose a fine over $250, he has every... He has the option to go to court then and say the city got it wrong, the city was not allowed to charge more than $250. He wouldn't be able to do it as a class action, though, would he? Well, if this court were to find that the city did, for some reason... I'm not saying that that's something he has a right to, but I believe his individual claim then would remain individual. Well, Your Honor, at the end of the day, he would have no valid class action anyway because, as we're going to explain, 208.3 doesn't even apply here. The trial court didn't reach the question of ripeness at all. Your Honor, it seems as though the trial court implicitly found that this issue was right because it turns to the merits of the case. So it denied our motion to dismiss on the ripeness basis and simply looked at the merits of the case. We maintain that this case is not yet ripe for review because there are underlying factual questions and there has been no concrete harm. Again, if plaintiff is fined, he can go through the administrative review process and challenge DOA's judgment at that point. But the reality is the plaintiff here has a citation that's seeking a fine well in excess of $250. Mr. Edelman argues that $250 is the cap. The city wants to go use the administrative route to adjudicate these claims. They can't go above $250. That would seem to suggest that the claim is at least ripe. Well, Your Honor, actually, all plaintiff is really asking this court to do at this stage is to determine that if he is found liable for this violation, then the city cannot impose a fine over $250, and that's simply an advisory opinion at this point. That is legal advice as to future events. But I'd like to make it clear that the most important part of 208.3 is that it applies here only to standing and parking violations because as plaintiff just admitted a moment ago, he's no longer saying that these are compliance violations. But we have to read the statute that says standing, parking, or compliance violations. So the question is, is this a compliance violation even if it's not a parking standing violation? It is not. Compliance violations are defined in Section 208.3 as being violations concerning the condition or use of equipment on vehicles. So this applies to things like your brakes aren't working, you have a broken headlight, your windshield is cracked. It's about the condition of the parts of the vehicle. It's not about how much force the vehicle is exerting on city roads. These are clearly not compliance violations. It's a separate category of offense entirely. The gravamen of this offense is that you are exerting so much force on city roads that you're damaging the roads, you're creating extra danger on the roads, things like that. Sounds like a compliance. Because they only have these categories, moving, parking, standing, compliance. So what is yours then? What is the city's violation? None of those, Your Honor. So it's got to be something. What is it, the legislature? Is it all three? All three is standing, parking, and compliance. No, it can be none of those. So this is not a standing violation, which concerns the improper halting of your car somewhere on the road. It's not a parking violation, which concerns the improper stopping of your car for a longer period of time perhaps on a road. And it is not a condition of the car violation. We are not saying that... So this is wholly created by the city. Yes. Even though it mirrors the state legislative statute. It does not mirror the state legislative statute as to compliance violations. I thought you explicitly adopt the weights and everything. Yes, Your Honor. That is in Chapter 15 of the Vehicle Code. That's an entirely separate chapter of the Vehicle Code, and that concerns the weights of vehicles on the road, which is actually, it makes it even clearer that this is not a compliance violation because compliance is in Section 208 of Chapter 11 of the Vehicle Code, not in Chapter 15 like the weights statute is. So if the city can't describe what this is, why should we give it any credit? We can absolutely describe what this is, Your Honor. What is it? This is an offense where your car is too heavy. It's exerting too much force on the roads. That's it. It doesn't matter if your car is... And what does the legislature call that? An overweight vehicle violation in Chapter 15-111 of the Vehicle Code. And with respect to overweights, they say the city can charge anything it wants. With respect to overweight vehicle violations, we regulate those offenses via our Home Rule Authority, which is given to us in the Constitution. So that says that anything pertaining to our local government and affairs is within our power to regulate. Unless the legislature specifically limits it. Exactly, Your Honor. And there is no specific preemption provision in any statute with respect to overweight vehicle offenses. Well, Plaintiff says there is a limit. They say that you're exceeding the statutory fine cap. Yes, I'd like to get to that, Your Honor. Section 208.2 is the provision that Plaintiff relies on as the preemption provision in this case. 208.2 says that a municipality cannot act inconsistently with the provisions of Chapter 11 of the Vehicle Code. That would only apply here if Section 208.3, which is also in Chapter 11 of the Vehicle Code, also applied. But as I mentioned, because this is not a standing parking compliance offense, Section 208.3 does not apply at all. So we cannot be acting inconsistently. So the limitation on our authority in Section 208.2, if it is indeed a limitation, we have not briefed that, though we would be happy to do so at a later date in a supplemental audit to this Court, simply cannot apply here because we're not acting inconsistently with any provision of Chapter 11 of the Code. Does that answer your question, Your Honor? It's an answer. Okay, thank you. So this brings us nicely into the merits of this case. Again, this claim is not ripe, but even if it were, the City has home rule authority to impose fines exceeding $250 because vehicle weight offenses are not standing and parking offenses. Parking and standing regulations prohibit vehicles from improperly stopping somewhere, so essentially they're parking tickets. The City's vehicle weight regulation, again, prohibits having an overweight vehicle on city roads, which is a totally different offense aimed at stopping a different type of behavior. Why does an ordinance say it is unlawful to have an overweight vehicle on city roads rather than permit to remain? In terms of what language they use in the ordinance?  Well, I suppose they could have used a different type of language, but permit to remain, if you use the dictionary definitions of those words, simply means allow to keep a vehicle on a city road. So there's an intent element? No, Your Honor, this is not a strict liability offense. Their intent doesn't matter. It's simply whether the vehicle is on city roads, regardless of whether it's standing, moving, parked, et cetera. So if you accidentally, in your, you know, the example I gave him, they started driving, they drive just across the city line, and they realize, oh, this is Chicago, let me back up. They've already violated no matter what. They can't do anything because they've already permit to remain. They've already permitted it to remain, even though they immediately reversed after crossing the city line. Well, yes, allowing an overweight vehicle to be on a city road for any length of time would be a violation of this ordinance. That's correct. But the ordinance just says permit to remain. So are you familiar with the nuisance ordinance? I haven't read it recently, Your Honor. I heard you describe it a moment ago, so I'm happy to address any questions to the best of my ability. So it seems in that ordinance it requires some level of intent to let a condition persist. And you say this is not a strict liability ordinance. In terms of we don't believe intent comes into the analysis. We don't believe a driver needs to intend to be driving an overweight vehicle on the city road. So simply allowing that vehicle to be on the city road is a violation. Ultimately, as Camacho recognizes, the city has home rule authority to regulate vehicle weights on its roads. And as we've discussed, neither Section 208.2 nor 208.3 applies to preempt that authority. Plano's claims that the city violated those sections by imposing fines over $250 are baseless and were properly dismissed. So if there are no other questions, we would ask this Court to affirm. Thank you. Final word. Very briefly, Your Honors. The city's argument ignores the Camacho decision. Camacho says the city must either prove the violation in the circuit court or come within one of the provisions which authorizes expedited administrative proceedings that can result in an enforceable order. For example, an order which is not complied with results in sanctions or additional fines. Or the taking of wages or the seizure of real or personal property, et cetera, et cetera. The city cannot show that any such section applies. Therefore, under Camacho, paragraph 38 and footnote 8, they must prove a violation in the circuit court. Their proceeding does not contemplate going to court. It says comply or you will be sanctioned. It does not say comply or we will file a lawsuit against you. Counsel, I'm just going to ask you to kind of bottom line this for me. Is there anything in Chapter 15 that places a limitation on the amount of fines? Chapter 15 of the vehicle code treats overweight violations as moving violations. And if committed with a commercial vehicle, they have to be adjudicated in court. The question was, is there anything that limits the amount of the fine? I do not believe so, as long as you have a hearing before a court, as opposed to an administrative hearing. Okay. I'm sorry, what is your authority? You said that the overweights are treated as moving violations? In the vehicle code, I believe, I don't have it in front of me, but I believe the terminology is to operate a vehicle in excess of the stated limits. It's like the city ordinance prior to its amendment in 2011. And an overweight violation committed with a commercial vehicle is not covered by any expedited administrative proceeding authority, and is adjudicated in the circuit court. So, originally, the legislature has designated overweight as moving violations. The city created this ordinance originally mirroring the statute making a moving violation, and then they decided to put different clothing on the pig. Yes, Your Honor. That's sort of my understanding. Unless there are other questions, that concludes my argument. Okay. That'll be taken under advisement. Thank you, counsel, for excellent arguments. And with that, we're adjourned. Thank you.